# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEONARD ASHTON,

        Plaintiff,

v.                                   CIV 01-745 LH/KBM

CHARLES L. ROSOTTI, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Presiding District Judge C. LeRoy Hansen has referred this matter to me and requested that I address Plaintiff's Motion for Entry of Default by defendants Charles O Rossoti, Joseph Talon and Hoyt Reece *(Doc. 4)* and Defendants' Motion to Dismiss or for More Definite Statement *(Doc. 9)*. Having reviewed all of the motions, briefs, documents and exhibits in the record, I now set forth my proposed findings and recommended disposition.

No entry of default has been entered by the Clerk and for good reason. Plaintiff has failed to submit proof of proper service on any of the defendants. Plaintiff maintains that he has effected proper service, but exhibits offered to prove the proposition reflect that his service attempts do not conform with the dictates of FED. R. CIV. P. 4. Thus, not only would entry of default be improper, defendants' motion to dismiss the action for timely failure to effectuate service is well taken.

Plaintiff Ashton is proceeding *pro se*, however, and the court must provide him with sufficient notice that a failure to properly serve a defendant will result in dismissal without

prejudice of all claims against that defendant. *See* FED. R. CIV. P. 4(m). Mr. Ashton should be familiar with this proposition. As he indicates in his motion for entry of default, he "filed a lawsuit challenging citizenship that went all the way to the U.S. Supreme Court which ended with a refusal of Certiorari on May 12, 1997." *Doc. 4* at 2-3. In that action filed in the Central District of California, Mr. Ashton argued that "as a slave descendant of African ancestry" he had not consented to citizenship and was therefore not subject to state or federal taxes. *See Ashton v. United States, et al.*, 79 F.3d 1152 (Table), 1996 WL 119666 (9th Cir. 1996) (unpublished). The Ninth Circuit upheld the district court dismissal of the action because Plaintiff "failed to show that he ever properly served" defendants. *Id.*

In that case, as here, Ashton filed "purported proofs of service" with the Clerk's Office. In the earlier case, the Clerk returned those documents on the grounds that they were deficient. Here, however, Plaintiff did not directly file the purported proofs of service with the Clerk. Rather, they were submitted only as exhibits attached to a motion and reflect that Plaintiff attempted to serve all of the defendants by first class mail only.

The Federal Rules of Civil Procedure expressly provide for specific requirements when serving the United States, its agencies or its employees. In order to assure that Plaintiff has notice of those requirements, FED. R. CIV. P. 4(i) provides as follows:

> (i) Serving the United States, Its Agencies, Corporations, Officers, or Employees.
>   (1) Service upon the United States shall be effected
>     (A) by delivering a copy of the summons and of the complaint to
>     the United States attorney for the district in which the action is
>     brought or to an assistant United States attorney or clerical
>     employee designated by the United States attorney in a writing filed
>     with the clerk of the court or by sending a copy of the summons
>     and of the complaint by registered or certified mail addressed to the
>     civil process clerk at the office of the United States attorney and
>     (B) by also sending a copy of the summons and of the complaint by
>     registered or certified mail to the Attorney General of the United

        States at Washington, District of Columbia, and
        (C) in any action attacking the validity of an order of an officer or
        agency of the United States not made a party, by also sending a
        copy of the summons and of the complaint by registered or certified
        mail to the officer or agency.
    (2)      (A) Service on an agency or corporation of the United States, or
        an officer or employee of the United States sued only in an official
        capacity, is effected by serving the United States in the manner
        prescribed by Rule 4(i)(1) and by also sending a copy of the
        summons and complaint by registered or certified mail to the
        officer, employee, agency, or corporation.
        (B) Service on an officer or employee of the United States sued in
        an individual capacity for acts or omissions occurring in connection
        with the performance of duties on behalf of the United
        States--whether or not the officer or employee is sued also in an
        official capacity--is effected by serving the United States in the
        manner prescribed by Rule 4(i)(1) and by serving the officer or
        employee in the manner prescribed by Rule 4 (e), (f), or (g).
    (3) The court shall allow a reasonable time to serve process under Rule 4(i)
for the purpose of curing the failure to serve:
        (A) all persons required to be served in an action governed by Rule
        4(i)(2)(A), if the plaintiff has served either the United States attorney or the
        Attorney General of the United States, or
        (B) the United States in an action governed by Rule 4(i)(2)(B), if the
        plaintiff has served an officer or employee of the United States sued in an
        individual capacity.

Unless Plaintiff files proof of proper service in compliance with these mandates, Defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5) should be granted for insufficient service of process. Because this action was filed in metropolitan court almost a year ago and then removed to federal court shortly thereafter, I will recommend that the presiding judge grant Plaintiff thirty days in which to file proofs of proper service on all defendants or face dismissal of the action without further notice.

    Wherefore,

    **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Default as to defendants Charles O Rossoti, Joseph Talon and Hoyt Reece *(Doc. 4)* be denied.

**IT IS FURTHER RECOMMENDED** that unless Plaintiff files sufficient proof of proper service on all defendants within thirty days of adoption of this recommendation, Defendants' motion to dismiss be granted without further notice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE